IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONALD LEE YANCEY                                                                                    PLAINTIFF

V.                                           NO. 15-5258

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Ronald Lee Yancey, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current application for DIB on July 25, 2012, alleging an inability to work since April 2, 2012, due to degenerative joint and facet disease in his back and bilateral elbow problems. (Doc. 11, pp. 138-144, 167, 172). An administrative hearing was held on November 22, 2013, at which Plaintiff appeared with counsel and testified. (Doc. 11, pp. 28-56).

By written decision dated February 28, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – bilateral cubital tunnel release syndrome, bilateral elbow problems, left hand weakness, degenerative disc disease of the cervical spine, disc protrusion of the lumbar spine, and

1

depression. (Doc. 11, p. 14). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 11, p. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except he is limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling. The claimant is able to perform work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, with few variables and little judgment required; and supervision is simple, direct, and concrete.

(Doc. 11, p. 16). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would not be able to perform his past relevant work, but there were other jobs Plaintiff would be able to perform, such as routing clerk, conveyor belt sorter, mail sorter, assembler and fabricator (power screwdriver operator), and extrusion press operator. (Doc. 11, pp. 21-22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 19, 2015. (Doc. 11, pp. 4-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7-8, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583

(8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe

3

physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §404.1520   Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.   See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);   20 C.F.R. §404.1520, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §404.1520.

### III.   Discussion:

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred in failing to consider all of Plaintiff's impairments in combination: 2) Whether the ALJ erred in his credibility analysis; 3) Whether the ALJ erred in his RFC determination; and 4) Whether the ALJ erred in failing to fully and fairly develop the medical record. (Doc. 11).

#### A.   Consideration of Impairments In Combination:

Plaintiff argues that the ALJ disregarded his allegations of difficulty gripping objects; numbness in his forearm; difficulty sitting, standing, walking and lifting; right knee problems; deformity in the thoracic spine; difficulty sleeping; anxiety; panic attacks; neck pain; mid-back pain; traumatic arthritis; loss of motion in the thumb; skin cancer; prostate problems; urinary frequency; dyslipidemia; tobacco use disorder; and obesity.

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'"   (Doc. 11, p. 13).   He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established

4

only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Doc. 11, p. 13). The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Doc. 11, p. 13). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Doc. 11, p. 14). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

In addition, the ALJ found that other than the severe impairments he listed, the other impairments "alleged and found in the record, are non-severe, as they have been responsive to treatment and/or cause no more than minimally vocationally relevant limitations (SSR 85-28)". (Doc. 11 p. 14).

Based upon the foregoing, the Court finds there is substantial evidence to support the fact that the ALJ considered all of Plaintiff's impairments, severe and non-severe, in combination.

### B. Credibility Analysis:

Plaintiff argues that the ALJ neglected to properly address his subjective complaints of pain in violation of Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See

Polaski, 739 F.2d at 1322. While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ considered all of the evidence, including records dated prior to the relevant time period, and found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, he also found that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. (Doc. 11, p. 18). The ALJ discussed Plaintiff's daily activities and found that he had mild restriction in his daily activities, because he was able to take care of his personal needs, care for his young granddaughter, perform household chores, build birdhouses, feed and water his dogs, fix simple meals, do the laundry sometimes, and mow with a riding mower. (Doc. 11, pp. 15-16). The ALJ also discussed all of the medical records, noting his surgeries, the fact that Plaintiff had a 20% overall rating from the VA for his knee and thumb, and that Plaintiff was seeing a psychologist and therapist at the VA. The ALJ also addressed Plaintiff's MRIs. (Doc. 11, pp. 17-18). It is also noteworthy that Plaintiff smoked one-half pack of cigarettes a day. (Doc. 11, p. 400).

The ALJ also discussed the cubital tunnel release surgeries performed by Dr. James Kelly on September 16, 2011 and November 8, 2011. (Doc. 11 pp. 19, 321, 327). On March 16, 2012, Dr. Kelly noted that Plaintiff underwent a MMI rating by Mr. Kenneth Ness, and he had no impairment on the right upper extremity, and on the left upper extremity he had deficits due to weakness, which equated to a 10% deficit to the left upper extremity. (Doc.

6

11, p. 292). Dr. Kelly felt this was an accurate assessment to the level and degree of his injuries, and made it a part of his permanent record. (Doc. 11, p. 292).

The ALJ made sufficient findings to substantiate the fact that the severity of Plaintiff's complaints were not consistent with the record as a whole. The Court therefore finds there is substantial evidence to support the ALJ's credibility analysis.

### C. RFC Determination:

The Court first notes that in his discussion relating to the RFC determination and to failure of the ALJ to fully and fairly develop the record, Plaintiff's counsel inaccurately states that the ALJ did not obtain a Physical RFC Assessment, a Psychiatric Review Technique Report, or a Mental RFC Assessment to support his conclusion. In fact, a Physical RFC Assessment was completed on September 21, 2012, by Dr. Valeria Malak, where she found Plaintiff was able to perform medium work. (Doc. 11, p. 63). On February 15, 2013, a Psychiatric Review Technique form was completed by Jerry R. Henderson, Ph.D., who found Plaintiff had a mild degree of limitation in activities of daily living; moderate degree of limitation in maintaining social functioning and maintaining concentration persistence or pace, and no episodes of decompensation, each of extended duration. (Doc. 11, p. 74). Dr. Henderson also completed a Mental RFC Assessment. (Doc. 11, p. 78). Also on February 15, 2013, Dr. Jim Takach completed a Physical RFC Assessment, concluding that Plaintiff would be able to perform light work, with occasional climbing ramps/stairs; ladder/ropes/scaffolds; balancing; stooping; kneeling; crouching; and crawling. (Doc. 11, p. 76). Therefore, Plaintiff's argument that the ALJ determined Plaintiff's RFC on his own, without obtaining a Physical RFC Assessment, a Psychiatric Review Technique or Mental RFC Assessment, has no merit.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Gilliam's v. Barnhart, 3 93 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *11 (N.D. Iowa Mar. 31, 2015)(quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

The ALJ accounted for Plaintiff's mental impairments by limiting him to work where interpersonal contact is incidental to the work performed; where complexity of tasks is learned and performed by rote, with few variables and little judgment required; and where supervision is simple, direct, and concrete. (Doc. 11, p. 16). This is also consistent with the findings of Dr. Nichols.

With respect to Plaintiff's physical impairments, Dr. Valerie Malak found Plaintiff could perform medium work, and noted that she gave great weight to the March 2012

8

opinion evidence. In March of 2012, Dr. James E. Kelly, III, who performed the cubital tunnel releases on Plaintiff, addressed the MMI evaluation performed by Kenneth Ness. (Doc. 11, p. 292). Dr. Kelly concluded that Plaintiff had no impairment on the right upper extremity and on the left upper extremity he had deficits due to weakness, which equated to a 10% deficit to the left upper extremity. (Doc. 11, p. 292). Dr. Kelly also noted that Plaintiff passed bilateral Jammar bell curve on the exam and also had low CVs, and he felt that this was an accurate assessment. (Doc. 11, p. 292).

The ALJ also had before him the Physical RFC assessment of Dr. Jim Takach, who found that Plaintiff would be able to perform light work with occasional climbing ramps/stairs/ladders/ropes/scaffolds; balancing; stooping kneeling; crouching; and crawling. (Doc. 11, p. 76-78). The ALJ's RFC assessment was consistent with the findings of Dr. Takach. There was therefore no need for the ALJ to obtain an additional general physical examination, because there was sufficient evidence before the ALJ from which he could make his RFC determination.

### D. Failure to Fully and Fairly Develop the Record:

Plaintiff's argument on this issue is based upon the premise that the ALJ failed to obtain a general physical examination, a Physical RFC Assessment, a Psychiatric Review Technique Report, or a Mental RFC Assessment. As indicated earlier, this is not the case, and Plaintiff's argument is therefore without merit.

### E. Hypothetical Question to the VE:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical questions the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the

record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff would be able to perform such jobs as routing clerk, converyor belt sorter, mail sorter, assembler and fabricator (power screwdriver operator), and extrusion press operator. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV. Conclusion**:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 2nd day of November, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE